**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ROBERT SPELLMAN,**
       **Plaintiff,**

**vs.**                                  **Case No.  5:07cv38/RS/MD**

**JAMES R. MCDONOUGH, et al.,**
       **Defendants.**

---

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis* (doc. 6) has filed a civil rights complaint pursuant to 42 U.S.C. §1983.  (Doc. 1).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Because the language of section 1915(e)(2)(B)(ii) tracks the language of FED.R.CIV.P. 12(b)(6), Rule 12(b)(6) standards apply in determining whether a claim is subject to dismissal under section 1915(e)(2)(B)(ii).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp.*

*v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, --- L.Ed.2d — (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff, an inmate of the Florida penal system, is currently incarcerated at Calhoun Correctional Institution ("Calhoun CI"). He names four defendants in this action: James R. McDonough, Secretary of the Florida Department of Corrections; Mr. Germany, Warden of Calhoun CI; Pilar Tournay, IISC; and Dr. S. Goss, Chief Health Officer at Calhoun CI. Plaintiff claims his Eighth Amendment rights were violated when, during a sick call visit at Calhoun CI, medical staff failed to "properly address" his medical condition, namely "callouses and arthritis." Reading plaintiff's complaint together with the exhibits attached thereto, plaintiff offers these facts in support of his claim.[1] On an unspecified date, plaintiff signed up for sick call to address his callouses and arthritis. Medical staff treated him for "something else that was not medically related" to the callouses and arthritis. (Doc. 1, ex. A). On September 5, 2006 plaintiff submitted an informal grievance complaining that his callouses had not been addressed. He requested that he "be seen without medical co-pay for my callisus [sic]." (*Id.*). His grievance was denied by one Herbert Hall, and plaintiff was advised that if he desired further care he should sign up for sick call. Plaintiff filed a formal grievance, which was denied by defendant Dr. Goss. (*Id.*, ex. B). His appeal to the Office of the Secretary was denied by defendant Tournay. (*Id.*, ex. C). Plaintiff states that as a result of the lack of medical care, his problems

---

[1]The court may consider documents attached to the complaint or directly referred to in the complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368-69 (11th Cir. 1997); *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) ("[A]ttachments [to the complaint] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."); Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

"have been aggravated and my condition worsens." (Doc. 1, p. 7). As relief, plaintiff seeks, "a mandate to the Department of Corrections and Calhoun CI to provide me all needed medical attention to alleviate my medical condition." (*Id.*, p. 8).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), *cert. denied,* 122 S.Ct. 1789, 152, L.Ed.2d 648 (2002).

In the instant case, plaintiff does not allege that any of the named defendants were personally involved in the alleged unconstitutional conduct. Rather, he seeks to impose liability on the basis that they denied his grievances. Prison officials who were neither involved in nor present during the alleged unconstitutional conduct, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on the theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999); *see also Lomholt v. Holder,* 287 F.3d 683 (8th Cir. 2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee,* 159 F.3d 199, 206 (6th Cir. 1998).

To the extent plaintiff seeks to impose liability against the named defendants on account of their supervisory roles, his claims must fail. It is well-settled in this Circuit that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d

912, 917 (11th Cir. 1995).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone,* 326 F.3d at 1360; *see also Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).  The necessary causal connection can be established when (1) a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's "custom or policy result[s] in deliberate indifference to constitutional rights;" or (3) facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone, supra,* (internal marks, quotations, and citations omitted).  A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy.  *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1540 (11th Cir. 1994).  Here, plaintiff's allegations do not suggest that any of the named defendants personally participated in treating plaintiff, or that there was any causal connection between their actions and plaintiff's failure to receive treatment for his callouses and arthritis during the sick call visit.

Even if plaintiff's complaint named the medical staff responsible for failing to treat his "medical condition" during the sick call visit, his allegations fail to state a claim of cruel and unusual punishment under the Eighth Amendment.  To establish an Eighth Amendment claim, plaintiff must demonstrate: a substantial risk of serious harm, each defendant's deliberate indifference to that risk, and causation.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1583 (11th Cir. 1985)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 56 (1994), and *LeMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993)).

The first requirement, the objective component of Eighth Amendment analysis, requires:

>**conduct by public officials "sufficiently serious" to constitute a cruel or unusual deprivation – one "denying 'the minimal civilized measure of life's necessities.'"**

*Taylor v. v. Adams*, 221 F.3d 1254, 1257-58 (11th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981))). In the context of denial of medical care, this first requirement has been more specifically described as encompassing two subsidiary requirements: an objectively serious need, and an objectively insufficient response to that need. *Taylor,* 221 F.3d at 1258 (quoting *Estelle v. Gamble,* 429 U.S. 97, 104-06, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer,* 511 U.S. at 834, 114 S. Ct. at 1977, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Hill v. DeKalb Reg'l Youth Detention Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation omitted). The seriousness of the deprivation of that need is measured by the detrimental effect that the deprivation brought upon the person. *Id.* at 1188-89. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

The second requirement, the subjective component of Eighth Amendment analysis, requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor* at 1258 (citing *Wilson v. Seiter,* 501 U.S. at 300, 111 S. Ct. at 2325) ("The source of the intent requirement is not the predilections of this Court, but in the Eighth Amendment itself, which bans only cruel and unusual *punishment*. If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." (emphasis in original)). "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Taylor* at 1258 (quoting *Estelle,* 429 U.S. at 105, 97 S. Ct. at 291).

**Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."** *Farmer*, 114 S. Ct. at 1979. **To sustain a claim, plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering.** *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995)(citing *Farmer*, 114 S. Ct. at 1978-79). **Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care.** *Murrell v. Bennett*, 615 F.2d 306, 310, n. 4 (5th Cir. 1980). **An inadvertent or negligent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be "repugnant to the conscience of mankind."** *Id*. at 105-06, 97 S. Ct. at 292; *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

In the instant case, plaintiff's allegations do not suggest that his need for medical treatment was objectively serious. Moreover, he neither claims, nor alleges facts to suggest, that medical staff's failure to treat his callouses and arthritis rose to the level of deliberate indifference as opposed to mere negligence.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 31st day of July, 2007.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**